UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CORNELIUS, GARY RAY | ) CASE NO. 17-04796-JJG-13 |
| CORNELIUS, KAREN MARIE | ) |
| | ) |
| DEBTORS | ) |

**MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY**

Come now the Debtors, Gary and Karen Cornelius, by counsel, and respectfully move the Court for an Order holding the creditor, NYC-HRA Office of Child Support Enforcement, in contempt of Court for their willful violation of 11 U.S.C. § 362.

1. The Debtor filed a Chapter 13 Bankruptcy on June 27, 2017.

2. The Debtor listed NYC-HRA Office of Child Support Enforcement on schedule E of their bankruptcy schedules.

3. On November 21, 2017 the NYC-HRA Office of Child Support Enforcement filed a proof of claim in the amount of $32,768.96 in the present case (claim 12-2).

4. The proof of claim from NYC-HRA Office of Child Support Enforcement consists solely child support arrears, as the Debtor has no ongoing support obligation.

5. Pursuant to section 1322(a) of the United States Bankruptcy Code, all of the Debtor's on-going income is property of the bankruptcy estate.

6. The Debtor's Chapter 13 plan provides full payment of the arrears debt to NYC-HRA Office of Child Support Enforcement.

7. In a letter dated December 5, 2017, NYC-HRA Office of Child Support Enforcement contacted the Debtor's employer regarding the child support arrears, threatening legal

8. This letter is an attempt to collect a debt which is included in, and being paid through The Debtor's Chapter 13 plan and is therefore a direct violation of Automatic Stay. (Exhibit 1)

9. 11 U.S.C. § 362(b)(2)(B) provides a limited exception to the automatic stay for domestic support orders, to the extent that collection is limited to property that is not part of a Debtor's bankruptcy estate. This exception is not applicable to this case, as the Debtor's Chapter 13 Plan offers all of their disposable income to their bankruptcy estate. Further, no assets have re-vested back to the Debtors' possession as this case is not confirmed.

10. The Debtor has suffered embarrassment, fear, and frustration due to NYC-HRA Office of Child Support Enforcement's continued collection efforts and their willful violation of the automatic stay.

WHEREFORE, the Debtors, by counsel, move the Court for an Order holding the NYC-HRA Office of Child Support Enforcement in Contempt of Court for willful violation of the Automatic Stay provided for in 11 U.S.C. § 362 of the United States Bankruptcy Code and hereby request the Court award punitive damages, attorney fees incurred relating to this violation, and for all other just and proper relief.

By: /s/ Andrew Sawin
Sawin & Shea LLC
Attorneys for Debtors
6100 N KEYSTONE AVE STE 620
INDIANAPOLIS IN  46220-2430
(317) 255-2600
ecf@sawinlaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on the following parties through the Court's Electronic Case Filing System or by first-class U.S. Mail, postage prepaid:

U.S. Trustee

Ch 13 Trustee

NYS Child Support Processing Center
PO Box 15368
Albany, NY 12212-5368

Further, I certify that a copy of the foregoing was served on the following parties by certified mail by first-class U.S. Mail, postage prepaid:

NYC-HRA Office of
Child Support Enforcement
150 Greenwich Street
40th Floor Bankruptcy
New York, NY 10007

Date: December 14, 2017

By: /s/ Andrew Sawin
Sawin & Shea LLC
Attorneys for Debtors
6100 N KEYSTONE AVE STE 620
INDIANAPOLIS IN  46220-2430
(317) 255-2600
ecf@sawinlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CORNELIUS, GARY RAY | ) CASE NO. 17-04796-JJG-13 |
| CORNELIUS, KAREN MARIE | ) |
| | ) |
| DEBTORS | ) |

**<u>MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY</u>**

Come now the Debtors, Gary and Karen Cornelius, by counsel, and respectfully move the Court for an Order holding the creditor, NYC-HRA Office of Child Support Enforcement, in contempt of Court for their willful violation of 11 U.S.C. § 362.

1. The Debtor filed a Chapter 13 Bankruptcy on June 27, 2017.

2. The Debtor listed NYC-HRA Office of Child Support Enforcement on schedule E of their bankruptcy schedules.

3. On November 21, 2017 the NYC-HRA Office of Child Support Enforcement filed a proof of claim in the amount of $32,768.96 in the present case (claim 12-2).

4. The proof of claim from NYC-HRA Office of Child Support Enforcement consists solely child support arrears, as the Debtor has no ongoing support obligation.

5. Pursuant to section 1322(a) of the United States Bankruptcy Code, all of the Debtor's on-going income is property of the bankruptcy estate.

6. The Debtor's Chapter 13 plan provides full payment of the arrears debt to NYC-HRA Office of Child Support Enforcement.

7. In a letter dated December 5, 2017, NYC-HRA Office of Child Support Enforcement contacted the Debtor's employer regarding the child support arrears, threatening legal

action and civil penalties for failing to garnish the Debtor's wages.

8. This letter is an attempt to collect a debt which is included in, and being paid through The Debtor's Chapter 13 plan and is therefore a direct violation of Automatic Stay. (Exhibit 1)

9. 11 U.S.C. § 362(b)(2)(B) provides a limited exception to the automatic stay for domestic support orders, to the extent that collection is limited to property that is not part of a Debtor's bankruptcy estate. This exception is not applicable to this case, as the Debtor's Chapter 13 Plan offers all of their disposable income to their bankruptcy estate. Further, no assets have re-vested back to the Debtors' possession as this case is not confirmed.

10. The Debtor has suffered embarrassment, fear, and frustration due to NYC-HRA Office of Child Support Enforcement's continued collection efforts and their willful violation of the automatic stay.

WHEREFORE, the Debtors, by counsel, move the Court for an Order holding the NYC-HRA Office of Child Support Enforcement in Contempt of Court for willful violation of the Automatic Stay provided for in 11 U.S.C. § 362 of the United States Bankruptcy Code and hereby request the Court award punitive damages, attorney fees incurred relating to this violation, and for all other just and proper relief.

By: /s/ Andrew Sawin
Sawin & Shea LLC
Attorneys for Debtors
6100 N KEYSTONE AVE STE 620
INDIANAPOLIS IN  46220-2430
(317) 255-2600
ecf@sawinlaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on the following parties through the Court's Electronic Case Filing System or by first-class U.S. Mail, postage prepaid:

U.S. Trustee

Ch 13 Trustee

NYS Child Support Processing Center
PO Box 15368
Albany, NY 12212-5368

Further, I certify that a copy of the foregoing was served on the following parties by certified mail by first-class U.S. Mail, postage prepaid:

NYC-HRA Office of
Child Support Enforcement
150 Greenwich Street
40th Floor Bankruptcy
New York, NY 10007

Date: December 14, 2017

By: /s/ Andrew Sawin
Sawin & Shea LLC
Attorneys for Debtors
6100 N KEYSTONE AVE STE 620
INDIANAPOLIS IN  46220-2430
(317) 255-2600
ecf@sawinlaw.com